IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCEPTER, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-0192 |
| | ) JUDGE WISEMAN/KNOWLES |
| | ) |
| ALCAN ROLLED PRODUCTS- | ) |
| RAVENSWOOD, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon a "Motion of Plaintiff to Quash Notice to Take Deposition." Docket No. 83. Plaintiff seeks to quash a Deposition Notice, served by Defendant, for one of Plaintiff's employees, who works in Rye, New York, and resides nearby. Plaintiff argues that the Notice should be quashed because it requires the employee to attend a deposition in Waverly, Tennessee, where Plaintiff maintains its principal place of business. Plaintiff states that it had offered to produce the deponent in Nashville if Defendant would agree to produce two of its employees in Nashville. Defendant allegedly "refused" to produce its employees in Nashville, and Plaintiff's counsel traveled to West Virginia (apparently where Defendant is located) in order to take the depositions of those two employees. Plaintiff essentially argues that, since its counsel had to travel to West Virginia to depose two of Defendant's employees, Defendant should have to travel to New York to depose Plaintiff's employee.

Defendant has filed a Response in Opposition to the Motion, arguing that Plaintiff originally agreed to produce its employee in Nashville, but when Defendant indicated that its

two employees "could not" travel to Nashville for depositions, Plaintiff decided that it would not produce its witness in Nashville. Docket No. 89. Defendant also argues that it has produced two other witnesses for their depositions in Nashville.

Local Rule 7.01(a) provides in relevant part as follows:

> Every motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits or depositions in support thereof.

Local Rule 37.01 provides in relevant part as follows:

> (a) Joint Written Statement. Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issue shall be attached to any discovery motion.
>
> (b) Motions to Compel.
> . . .
>
> (3) Counsel for the party moving to compel discovery, quash a subpoena, or for a protective order, shall file with the Court, at the time of the filing of the motion, a statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so. *No such motion shall be considered by the Court absent compliance with this Rule.* If certain of the issues have been resolved by agreement, these statements shall specify the issues remaining unresolved.

(Emphasis added.)

The Federal Rules of Civil Procedure provide for the issuance of protective orders in certain circumstances and for the "quashing" of subpoenas. *See* Fed. R. Civ. P. 26(c), 45(c)(3). Insofar as the undersigned is aware, the Rules do not provide for the filing of a Motion to Quash a Deposition Notice. Plaintiff has not filed a Memorandum of Law explaining the propriety of a

2

Motion to Quash a Deposition Notice or explaining the standards for the Court to consider in determining such a Motion.

Additionally, Plaintiff has failed to comply with Local Rule 37.01. Plaintiff has not filed a Joint Written Statement. Moreover, assuming that the instant Motion is properly viewed as a Motion for a Protective Order, Plaintiff's counsel has not filed the required "statement certifying that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised and that counsel have not been able to do so."

While Plaintiff has attached copies of correspondence to its Motion, simply doing this does not comply with the Rule. As one Court has stated:

> This prerequisite [of a good faith certificate] is not an empty formality. On the contrary, it has been the Court's experience that obliging attorneys to certify to the Court that they have conferred in good faith results, in a large number of cases, in resolution of discovery disputes by counsel without intervention of the Court. Thus, the requirement of the certificate cannot be satisfied by including with the Motion copies of correspondence that discuss the discovery at issue. Rather, both attorneys must certify that they have conferred on the discovery issues in an attempt to resolve them. The Court is unwilling to decipher letters between counsel to conclude that the requirement has been met.

*Ross v. Citifinancial, Inc.*, 203 FRD 239, 240 (S.D. Miss. 2001).

For the foregoing reasons, Plaintiff's "Motion . . . to Quash Notice to Take Deposition," is DENIED.

3

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

4